United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CHARLES McDADE, ) | No. C 07-4768 MJJ (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| CALIFORNIA BOARD OF ) CORRECTIONS, ) | **(Docket Nos. 2 & 4)** |
| Defendant. ) | |

Plaintiff, a California prisoner, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims he is entitled to release from "false custody and imprisonment."[1]

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Traditionally, challenges to prison conditions have been cognizable only via § 1983,

---

[1]On the same day he filed the complaint herein, plaintiff filed a complaint in another case, No. C 07-4767 MJJ (PR), which is identical to the present complaint in every way except that he names the California Board of Prison Terms as the defendant. Plaintiff's prior case was dismissed without prejudice on the same grounds as the dismissal of this action.

G:\PRO-SE\MJJ\CR.07\mcdade2.dsm.wpd

United States District Court
For the Northern District of California

1  while challenges implicating the fact or duration of confinement must be brought through a

2  habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004). Challenges to the

3  lawfulness of confinement or to particulars affecting its duration are the province of habeas

4  corpus.'" Hill v. McDonough, 126 S. Ct. 2096, 2101 (2006) (quoting Muhammad v. Close,

5  540 U.S. 749, 750 (2004)). The Supreme Court has consistently held that any claim by a

6  prisoner attacking the fact or duration of his confinement must be brought under the habeas

7  sections of Title 28 of the United States Code. See Calderon v. Ashmus, 523 U.S. 740, 747

8  (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475,

9  500 (1973). A claim, such as the claim raised herein, in which plaintiff seeks to be released

10 from custody, the successful determination of which would result in entitlement to an earlier

11 release, must be brought in a habeas petition. See Butterfield v. Bail, 120 F.3d 1023, 1024

12 (9th Cir. 1997); see also Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying

13 that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's

14 release on parole, must be brought in a habeas petition).

15      A civil rights complaint seeking habeas relief should be dismissed without prejudice

16 to the prisoner's bringing it as a petition for writ of habeas corpus. See Trimble v. City of

17 Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, plaintiff's complaint is

18 DISMISSED without prejudice to refiling in a petition for a writ of habeas corpus after he

19 has properly exhausted such claims in the state courts.[2] In light of this dismissal, the

20 application to proceed in forma pauperis is DENIED.

21      The clerk shall close the file and terminate docket numbers 2 and 4.

22      IT IS SO ORDERED.

23 DATED: 10/12/2007                          _____
                                             MARTIN J. JENKINS
24                                           United States District Judge

25

26      [2]Although plaintiff is clear that he seeks release from custody, the grounds upon
   which he is alleging his custody is illegal are not entirely clear from the allegations in the
27 complaint. If plaintiff wishes to pursue a habeas petition to seek immediate or earlier release
   from custody, he must clearly set forth in his petition the reasons he believes his confinement
28 violates federal law.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ANTHONY CHARLES MCDADE,

          Plaintiff,

   v.

CA BOARD OF CORRECTIONS et al,

          Defendant.
_____/

Case Number: CV07-04768 MJJ

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 16, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Anthony Charles McDade
San Quentin State Prison
Prisoner Id T-62713
San Quentin, CA 94974

Dated: October 16, 2007

*Lashanda Scott*
Richard W. Wieking, Clerk
By: Lashanda Scott, Deputy Clerk